**UNITED STATES of America, Appellee,**

v.

**Tiburcio A. RANGEL, Appellant.**

**No. 78–1243.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1978.

Decided Oct. 10, 1978.

Rehearing and Rehearing En Banc Denied Nov. 2, 1978.

Barbara M. Vache, Kansas City, Kan., for appellant; Barbara M. Schopper, Kansas City, Mo., on the brief.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Kansas City, Mo., for appellee; Ronald S. Reed, Jr., U. S. Atty., and Robert E. Larsen, Asst. U. S. Atty., Kansas City, Mo., on the brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and BRIGHT, Circuit Judges.

PER CURIAM.

Tiburcio A. Rangel appeals his conviction of knowingly and fraudulently demanding that a debt due from the United States be paid by virtue of a false instrument, in violation of 18 U.S.C. § 1003. We affirm the judgment of conviction.[1]

1. Rangel received a fine, $700.00 and two years probation, the terms of which required him to (1) make restitution, (2) serve eight weekends in jail and (3) pay the $700.00 fine in installments during the first 18 months of probation.

Rangel, an employee of the United States Environmental Protection Agency, submitted three vouchers to the E.P.A. requesting reimbursement for lodging costs incurred in conjunction with three business trips. To each voucher he allegedly attached a photocopy of a duplicate, or a customers' copy of a Master Charge sales slip, as documentation for lodging expenses incurred. Photocopies of these Master Charge customer receipts submitted by Rangel were introduced into evidence with the vouchers, as were the corresponding duplicate merchant copies, which had been retained by the hotelkeepers. In each instance the photocopies submitted by Rangel showed greater lodging expenses than did the duplicate merchant copies. The invoice number on the merchant copies matched the number of the photocopied customer copies Rangel submitted to the E.P.A. The total amount Rangel received in excess of his actual lodging was approximately $53.59.

On appeal Rangel's main contention focuses on the admission of the travel authorization forms, travel vouchers and photocopied Master Charge receipts submitted to the E.P.A. Rangel contends the admission of these exhibits into evidence violated the best evidence rule and the Federal Business Records Act, 28 U.S.C. § 1732. He further urges that without this evidence the government has failed to provide sufficient evidence to sustain his guilt.

■ Rangel challenges the admissibility of the customer photocopies because they are not the "original" altered receipts and therefore did not constitute the "best evidence." We disagree. The government had to prove the contents of the photocopy of the altered receipt since the photocopy, not the altered receipt, was identified as the document Rangel had submitted to support his demand for payment. Thus the photocopies were admitted as originals. *See* 5 Weinstein's Evidence, ¶ 1001(3)[01] at 1001–

49 (1976). However, even if the photocopies are considered to be duplicates, as xerox copies may be, *Weinstein's Evidence, supra,* ¶ 1001(4)[01] at 1001–68, they would also be admissible, since Rangel did not raise a genuine issue concerning their authenticity.

■ Rangel's challenge to the merchant copies is also based on the best evidence rule. These exhibits however, were admitted without objection. Therefore, their admission into evidence may only be reviewed for plain error affecting substantial rights. Fed.R.Evid. 103(a)(1), (d); *United States v. Davis,* 557 F.2d 1239 (8th Cir.), *cert. denied,* 434 U.S. 971, 98 S.Ct. 523, 54 L.Ed.2d 461 (1977). We find no such error. The merchants' copies were described by the district court as carbon copies of Master Charge sales slips, and as such were properly admitted as originals under Fed.R.Evid. 1001(3).

■ In any event, the vouchers and their attachments are not hearsay evidence. *Anderson v. United States,* 417 U.S. 211, 220, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974); *United States v. Weaver,* 565 F.2d 129, 135–36 (8th Cir. 1977); *United States v. Kelly,* 551 F.2d 760, 765 (8th Cir.), *cert. denied,* 433 U.S. 912, 97 S.Ct. 2981, 53 L.Ed.2d 1097 (1977). These documents were not offered as evidence of the truth of the written statements which appear on them. Under the circumstances there was no need to establish that they were admissible under the business records exception to the hearsay rule. *See* Fed.R.Evid. § 803(6).

■ Finally Rangel presses two arguments concerning the sufficiency of the evidence. First, he argues no evidence was presented to sustain the charges since he was charged with using an altered credit card duplicate receipt, while the evidence showed only photocopies of altered credit card receipts. The information charged that Rangel "did knowingly and fraudulently demand that a debt due from the United States to him be paid by virtue of a false

instrument, that is, an altered credit card duplicate receipt falsely showing expenses incurred . . . ." It is true the government introduced photocopies of altered receipts rather than altered receipts. The proof was sufficient, however, to permit the court to conclude that Rangel had altered credit card receipts to show false amounts, photocopied them so that the alterations were not discernible and submitted the photocopies. While this proof may not conform strictly to the pleading, the variation is slight and Rangel does not allege specific prejudice resulting from the variation.

■ Second, Rangel argues the evidence is insufficient to sustain his conviction. We disagree. By introducing the vouchers signed by Rangel the government proved that Rangel demanded to have a debt due from the United States paid. The comparison of the merchants' credit card sales slips copies and hotel records with the amount claimed on the vouchers and documented by the photocopied receipts proved that Rangel used a false instrument. A deliberate act was necessary to alter the receipts and then photocopy them. Rangel was in a position to know how many nights he had stayed and the cost incurred in each instance. From these facts and the fact that a discrepancy in Rangel's favor was proved in three different instances, the court could infer that Rangel had used a false instrument knowingly and with intent to defraud. We find the evidence was sufficient to sustain his guilt.

The judgment of conviction is affirmed.